UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph P. Coutlis,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>Joseph Biden, Kamala Harris,<br>Christopher Wray,<br><br>　　　　　　Defendants. | MEMORANDUM AND ORDER<br><br>No. 24-cv-02193 (NRM) (LB) |

NINA R. MORRISON, United States District Judge:

*Pro se* Plaintiff Joseph P. Coutlis filed the instant action against President Joseph Biden, Vice President Kamala Harris, and Director of the Federal Bureau of Investigation ("FBI") Christopher Wray.  Plaintiff appears to allege in his Complaint that FBI agents tried to recruit him to join the terrorist organizations Al Qaeda and ISIS, denied him civil liberties, and tortured him.

The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 but, for the reasons set forth below, dismisses Plaintiff's action.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true,

1

this tenet is "inapplicable to legal conclusions." *Iqbal* 556 U.S. at 678. It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

## DISCUSSION

Plaintiff asserts that unknown individuals, who Plaintiff appears to assert are acting as agents of the FBI, attempted to recruit him to join Al Qaeda and ISIS, denied him his civil liberties, and psychologically and physically tortured him. Compl., at 5, ECF No. 1. Plaintiff's allegations against President Biden, Vice President Harris, and FBI Director Wray are unclear. Plaintiff states he has suffered major depressive disorder, anxiety, and other "traumas," and seeks 50 million dollars

in compensation. *Id.* at 6. The Court liberally construes the Complaint as asserting a violation of a federal constitutional right under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971).

President Biden is absolutely immune from "from damages liability predicated on his official acts." *Nixon v. Fitzgerald*, 457 U.S. 731, 749 (1982); *see also Dixon v. Biden*, No. 23-cv-0748, 2023 WL 3976929, at *2 (S.D.N.Y. June 12, 2023) (dismissing claims against President Biden based on absolute immunity); *Sullivan v. Trump*, No. 19-cv-11824, 2020 WL 353553, at *2 (S.D.N.Y. Jan. 17, 2020). Therefore, Plaintiff's claims against President Biden are foreclosed by absolute immunity and are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (a complaint is frivolous where it is clear the defendants are immune from suit).

Further, the doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies and federal officers sued in their official capacities (like FBI Director Wray), except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994); *McKeown v. Wray*, No. 23-cv-05489, 2023 WL 5510597, at *3 (E.D.N.Y. Aug. 25, 2023) (noting that the doctrine of sovereign immunity bars claims against FBI Director Wray in his official capacity). District courts have applied this category of sovereign immunity to the Vice President of the United States. *See, e.g., Dixon,* 2023 WL 3976929, at *2 (barring claims against the Vice President based on doctrine of sovereign immunity); *Salaverria v. United States*, No. 21-cv-9254, 2022 WL 1556285,

3

at *2 (S.D.N.Y. May 16, 2022) (same), *appeal dismissed*, No. 22-1190, 2022 WL 17246308 (2d Cir. Oct. 27, 2022). Therefore, Plaintiff's claims against FBI Director Wray and Vice President Harris are dismissed as barred by the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once . . . ."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting leave to amend would be futile and therefore declines to do so.

## CONCLUSION

Plaintiff's Complaint, filed *in forma pauperis*, is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is directed to enter judgment closing the action and to mail a copy of this Order and the Judgment to Plaintiff and note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any *in forma pauperis* appeal from this Order would not be taken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

4

SO ORDERED.

/s/ NRM
NINA R. MORRISON
United States District Judge

Dated: April 22, 2024
Brooklyn, New York